IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESLIE J. GAINES, | ) | No. C 11-4263 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| WARDEN HEDGPETH, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it without prejudice for failure to exhaust.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

|   |   |
|---|---|
| 1 | **LEGAL CLAIMS** |
| 2 | Section 1997e of Title 42 of the United States Code provides that "[n]o action |
| 3 | shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other |
| 4 | Federal law, by a prisoner confined in any jail, prison, or other correctional facility until |
| 5 | such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). |
| 6 | Compliance with the exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. |
| 7 | 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  The |
| 8 | administrative remedies need not meet federal standards, nor need they be "plain, speedy |
| 9 | and effective." *Porter*, 534 U.S. at 524. |
| 10 | Although nonexhaustion under Section 1997e(a) is an affirmative defense, a |
| 11 | prisoner's concession to nonexhaustion is a valid ground for dismissal.  *Wyatt v.* |
| 12 | *Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Accordingly, a claim may be |
| 13 | dismissed without prejudice if it is clear from the record that the prisoner concedes that |
| 14 | he did not exhaust administrative remedies.  *Ibid.* |
| 15 | The State of California provides its inmates and parolees the right to appeal |
| 16 | administratively "any departmental decision, action, condition or policy perceived by |
| 17 | those individuals as adversely affecting their welfare."  15 Cal. Code Regs. § 3084.1(a). |
| 18 | In order to exhaust available administrative remedies within this system, a prisoner must |
| 19 | proceed through several levels of appeal: (1) informal resolution, (2) formal written |
| 20 | appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head |
| 21 | or designee, and (4) third level appeal to the Director of the California Department of |
| 22 | Corrections.  *Id.* § 3084.7; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). |
| 23 | This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  *Id.* |
| 24 | at 1237-38. |
| 25 | Plaintiff states in his complaint that he did not file any administrative grievances |
| 26 | about his claims even though his institution has a grievance procedure, and that he did |
| 27 | not appeal to the highest level of administrative appeals available to him.  (Complaint at |
| 28 | 2.)  Plaintiff states that pursuing the available administrative appeals would be futile |

because prison officials "arbitrarily" process, lose or refuse to decide them, because his "situation is an emergency," and because he his being "retaliated" against for filing prior appeals. (*Id.*). Plaintiff's allegation that his grievances would be arbitrarily denied or otherwise futile, like his conclusory allegation of retaliation, does not excuse his obligation to exhaust all available administrative remedies because a federal court should not read futility or other exceptions into the PLRA's exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). To whatever extent Plaintiff has an emergency, he may well remedy the alleged problems he is experiencing in his prison more rapidly by raising his concerns directly to prison officials via the administrative grievance procedures than by filing suit in federal court. Plaintiff has not presented grounds for not even attempting to exhaust his claims, and he has clearly pleaded that he has not exhausted his available administrative remedies. Accordingly, the case will be dismissed without prejudice to filing a new case after Plaintiff has exhausted his available administrative remedies.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 27, 2011

JEFFREY S. WHITE
United States District Judge